**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**DEAN C. BOYD**                                                                                           **PLAINTIFF**

**v.**                                                                                              **No. 4:26CV33-JDM-RP**

**MISSISSIPPI DEPARTMENT
OF CORRECTIONS, ET AL.**                                                                   **DEFENDANTS**

**ORDER DENYING PLAINTIFF'S MOTIONS TO PROCEED
*IN FORMA PAUPERIS* FOR ACCUMULATING THREE "STRIKES";
DISMISSING CASE WITH PREJUDICE FOR FAILURE TO
COMPLY WITH SANCTIONS ORDER; AND DISMISSING AS MOOT
<u>MOTION FOR HEARING AND MOTION FOR JURY TRIAL</u>**

This matter comes before the court on three motions by the *pro se* prisoner plaintiff Dean Boyd to proceed as a pauper in this case.   [2], [3], [5]   He has, however, violated the "three strikes" provision of the Prison Litigation Reform Act ("PLRA").   Hence, to proceed as a pauper, he must allege plausible claims that at the time of filing he faced imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Boyd, an inmate in the custody of the Mississippi Department of Corrections (MDOC), has submitted a complaint challenging the conditions of his confinement under 42 U.S.C. § 1983.

Under Section 1915(g):

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The plaintiff has accumulated "strikes" under 28 U.S.C. § 1915(g) in the following cases and others:

▸ *Boyd v. Collins*, 4:12CV56-HTW-LRA (§ 1983) (S. D. Miss.) (dismissed 4/27/2012 for failure to state a claim);

‣ *Boyd v. King* (II), 3:20CV443-DPJ-FKB (§ 1983) (S. D. Miss.) (dismissed 2/2/2022 for failure to state a claim); and

‣ *Boyd v. Gaddis, et al.*, 3:20-CV-420-TSL-RPM (§ 1983) (S. D. Miss.) (filed 06/25/2020, dismissed 12/06/2022 for failure to state a valid § 1983 claim).

Because Boyd has accumulated at least three "strikes," he has abused his *in forma pauperis* privileges. And he may not proceed as a pauper in this case unless he can show that, at the time he filed suit, he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The court finds that he has not done so.

The plaintiff alleges that the defendants, mostly MDOC staff, (1) threatened to douse him with boiling water, stab him, and cut off his head; (2) let a gang leader inmate (who had threatened to kill Boyd) hide in the prison hospital janitor's locker (immediately next to Boyd's room) for three weeks so he could threaten Boyd and carry on an affair with a nurse; (3) left him wheelchair bound and naked in his cell for weeks on end (with no bedding or hygiene items); (4) affixed knives to the ends of brooms and mop handles and threatened to stab him from a distance; and (5) housed him in deplorable conditions (windows stuck open, toilet backing up, broken wheelchair, etc.).[1]

This court has previously imposed a sanction on Boyd for repeatedly filing frivolous suits in which he simply fabricated allegations of horrifying physical abuse and torture:

> **Before Dean C. Boyd may file suit in this court in the future, for each allegation, he must provide some modicum of documentary evidence tending to show that the events alleged actually occurred.** In addition, he must include a copy of this order with any suit he files in this court in the future.

*Boyd v. Allegiance Specialty Hosp., et al.*, 4:22-CV-101-GHD-DAS (N.D. Miss., sanctions order of July

---

[1] Boyd has named eighteen defendants in this case—the Mississippi Department of Corrections (MDOC), the warden of the Mississippi State Penitentiary (MSP), three prison guards, two inmates, and eleven medical providers or administrators. He has not, however, alleged facts to show why so many people might threaten him, place him in horrible conditions, and neglect him. As discussed below, Boyd has a history of baseless allegations.

19, 2023) (emphasis in original, footnotes omitted).  As implied by the nature of the sanction, it had become obvious that Boyd simply concocted his wild allegations out of whole cloth.  That is why the court required some minimal evidence (other than his bare allegations under oath) to support each allegation.

The nature of those fabricated allegations—and the manner in which he conducts litigation—are relevant to this decision:

> In short, according to Mr. Boyd, many of his medical care providers (including administrators), state and private prison guards and other state and private staff, intentionally harmed him for no reason whatsoever – no matter where he received care – and no matter whether they worked for the state or a private company.  In addition, the court has not noted a single instance where Boyd has offered documentary evidence (other than his own statements) to support his litany of shocking allegations.  Invariably, his medical records reflect that he received some form of treatment, but nothing in those records shows that he was attacked, beaten, tortured, or otherwise mistreated.

> The court must consider another aspect of Boyd's filings:  He has filed multiple suits regarding the same incident in succession.  He filed *six* different suits regarding a single stay at ASH.  In addition, the Southern District dismissed two other suits as duplicative of previously filed cases:  *Boyd v. Gaddis (II)*, 3:21-CV-604-KHJ-MTP (§ 1983) (filed 09/17/2021, dismissed 01/10/2022 as duplicative of 3:20-CV-420-TSL-RPM); *Boyd v. Shivers*, 3:21-CV-689-DPJ-FKB (§ 1983) (filed 10/27/2021, dismissed 12/20/2021 as duplicative of 3:20-CV-443-DPJ-FKB).  Thus, not only has Boyd filed numerous suits, but he has also filed essentially the same suit six or more times in multiple courts.  He also tends to file motions and other papers at a brisk pace within his various cases.

> In sum, Dean C. Boyd has filed numerous meritless suits (many involving the same events), leveled scandalous allegations that he has been attacked and tortured by relative strangers, filed many motions and other papers in each case, failed to provide documentary evidence of the outrageous allegations once each case progresses, failed to comply with court orders, and (in some cases) has simply lost interest in the cases and failed to prosecute them.  In addition, Boyd's pace of filing has accelerated recently, as evidenced by his *nine* cases that were pending before this court at the time the memorandum opinion was filed (with several others having previously been dismissed).  Hence, Boyd's entire body of work, across multiple jurisdictions, has evinced a pattern of meritless and vexatious litigation.

*Id.*

The same pattern has emerged here. In a meandering, sometimes contradictory, narrative, Boyd has once again "leveled scandalous allegations that he has been attacked and tortured by relative strangers." *Id.* The court entered the sanctions order to prevent diversion of judicial resources to review and decide cases supported solely by Boyd's ruminations. As the present allegations are substantially the same as those dismissed as fabricated in previous cases (warranting a sanction), Boyd has not shown that he is "under imminent danger of serious physical injury." So the motions to proceed *in forma pauperis* [2], [3], [5] will be denied.

### Failure to Comply With the Court's Previous Sanctions Order

As discussed, Boyd has failed to show that he is in imminent danger of serious physical injury, precluding him from proceeding as a pauper under 28 U.S.C. § 1915(g). In addition, he has failed to comply with the court's previous sanctions order. He did not include a copy of that order with the instant complaint. Nor did he provide a modicum of documentary evidence to support his allegations.[2] *See Boyd v. Allegiance Specialty Hosp., et al.*, 4:22-CV-101-GHD-DAS (N.D. Miss., sanctions order of July 19, 2023). Because Boyd has not provided the required sanctions order or documentary evidence to support his allegations, this case will be dismissed with prejudice.[3]

### Conclusion

For the reasons set forth above, this case is **DISMISSED with prejudice** for failure to comply with the court's sanctions order.

---

[2] Boyd has complied with neither requirement of the sanctions order. Hence, even if he could proceed as a pauper, this case would nonetheless be dismissed with prejudice. In that instance, he would have to pay the filing fee in small increments (in accordance with 28 U.S.C. § 1915) until the filing fee is paid in full—after the case was summarily dismissed. In other words, denial of the motion to proceed *in forma pauperis* spares Boyd from paying the filing fee.

[3] Normally the court would provide a plaintiff the opportunity to correct these deficiencies before dismissing the case; however, Mr. Boyd is well aware of the sanctions order and the *in forma pauperis* requirements. As such, he has enjoyed due process as to these matters, and the court finds dismissal of the case to be proper.

4

In addition, even if the case were to proceed, Boyd would be required to prepay the entire filing fee, as his motions to proceed as a pauper [2], [3], [5] are **DENIED**.

A final judgment consistent with this memorandum opinion will issue today.

In light of this order, the Boyd's motion for hearing [13] and motion for jury trial [14] are **DISMISSED as moot**.

**SO ORDERED**, this, the 4th day of August, 2026.

 /s/ James D. Maxwell II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI